IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 2:21-CV-629 |
| | ) |
| | ) **COMPLAINT** |
| TYSON FOODS, INC., D/B/A KEYSTONE FOODS-EUFAULA DIVISION, LLC, F/K/A EQUITY GROUP-EUFAULA DIVISION, LLC | ) |
| | ) **JURY TRIAL DEMAND** |
| | ) |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Charging Party, Lakendra Moore ("Moore"). As alleged with greater particularity in paragraphs eleven (11) through twenty-six (26) below, Plaintiff U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Tyson Foods, Inc., doing business as Keystone Foods-Eufaula Division, LLC, formerly known as Equity Group-Eufaula Division, LLC ("Defendant" or "Tyson") violated Title VII when it refused to re-employ Moore in retaliation for previously filing a charge of discrimination with the Commission.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the Northern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

3. Plaintiff, U.S. Equal Employment Opportunity Commission ("Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a foreign corporation doing business in Barbour County, Alabama, and has continuously employed over 500 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Moore filed a charge of discrimination (EEOC Charge No. 420-2020-00665) with the Commission alleging violations of Title VII by Defendant.

7. On March 24, 2021, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the unlawful employment practices described in the Letter of Determination. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

9. On June 4, 2021, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of the lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. From approximately August 29, 2019 and continuing thereafter until at least October 2019, Defendant engaged in unlawful employment practices at its Eufaula, Alabama facility in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

12. From on or about June 8, 2015 until on or about December 28, 2015, Moore was employed by Defendant's predecessor in interest, Equity Group-Eufaula Division, LLC, d/b/a Keystone Foods ("Keystone"), at its facility in or near Eufaula, Alabama.

13. On or about July 27, 2016, Moore filed a charge with the Commission against Keystone, alleging she had been forced to resign from her employment with Keystone in December 2015 because of her sex (pregnancy) and pregnancy-related disability, and the company had refused to rehire her after she was cleared to return to work.

14. The Commission investigated that charge, found reasonable cause to believe that Moore had been unlawfully discriminated against and, on November 28, 2018, reached an agreement with Keystone resolving that charge and providing relief to Moore.

15. On or about August 29, 2019, Moore learned that Defendant was advertising to fill vacant positions at its Eufaula, Alabama facility. On that date, Moore applied for one of the open positions with Defendant in person at a job fair at the Eufaula Career Center.

16. On the same date, at the job fair, Moore was interviewed by one of Defendant's Human Resources Generalists, Lisa Hicks, and was offered employment in Defendant's x-ray department to fill one of several open x-ray department positions at the Eufaula facility.

17. Moore met all qualifications for the position, was eligible for rehire, and accepted the job offer.

18. Moore then told Hicks that she had previously worked for Keystone at the Eufaula facility, and Hicks left to retrieve information about Moore's prior work history with Keystone.

19. When Hicks returned, her mood had completely changed, and she said that she could not find Moore's personnel file.

20. Hicks stated she would call Moore back after she found Moore's file and checked her eligibility for rehire and told Moore to leave.

21. Defendant, in fact, determined not to hire Moore because of her previous EEOC charge, and did not rehire Moore, even though she was fully eligible for rehire according to Defendant's own policies and practices.

22. According to Defendant's records, 29 persons applied for a position with Defendant at the August 29, 2019 job fair, including Moore. Defendant made conditional offers that day to 27 applicants, including 17 applicants who, like Moore, were potential rehires. Moore was the only potential rehire not hired.

23. In May 2018 and June 2018, Moore also applied for hire, or rehire, with Defendant at the Eufaula facility, but was not hired.

24. The effect of the practices complained of in paragraph(s) eleven (11) through twenty-three (23) above has been to deprive Moore of equal employment opportunities and otherwise adversely affect her status as a job applicant because of her protected activity.

25. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-three (23) above were intentional.

26. The unlawful employment practices complained of in paragraphs eleven (11) through twenty-three (23) above were done with malice or with reckless indifference to the federally protected rights of Moore.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against employees and former employees who engage in protected Title VII activities, including refusing to rehire former employees in retaliation for protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons protected from unlawful retaliation, and which eradicate the effects of its past and present unlawful employment practices, including past and present unlawful retaliation in violation of Title VII.

C. Order Defendant to make Moore whole, by providing backpay as appropriate, with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, instatement or front pay in lieu thereof.

D. Order Defendant to make Moore whole, by providing, as appropriate, compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through twenty-six (26) above, including but not limited to, relocation expenses, job search expenses, and medical expenses in amounts to be determined at trial.

E. Order Defendant to make Moore whole, by providing, as appropriate, compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs eleven (11) through twenty-six (26) above, including

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Moore punitive damages for its malicious and reckless conduct described in paragraphs eleven (11) through twenty-six (26) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

Gwendolyn Young Reams
General Counsel

U.S. Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, D.C. 20507

MARSHA RUCKER (PA Bar No. 90041)
Regional Attorney
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 651-7021
Facsimile: (205) 212-2041