# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEYSTONE FOODS LLC )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.<br><br>2:21-cv-00629-MHT<br><br>(WO) |

## CONSENT DECREE

The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") filed the above-captioned lawsuit on September 21, 2021 pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991. In its Complaint, the Commission alleged that Tyson Foods, Inc. d/b/a Keystone Foods-Eufaula Division, LLC f/k/a Equity Group Eufaula Division, LLC violated Title VII by refusing to hire Lakendra Moore ("Charging Party") for a vacant employment position in retaliation for filing a previous charge of discrimination against Defendant. The Commission alleged that Defendant's conduct violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The EEOC subsequently substituted Keystone Foods LLC as the proper Defendant ("Defendant"), based on discussions and representations between counsel of record and further research by the Commission. Defendant is the entity that currently operates the Eufaula, Alabama facility that is the subject of this case. Defendant denies that it engaged in unlawful retaliation or discrimination. Nothing in this Agreement should be construed as an admission on the part of Defendant that it has engaged in

unlawful retaliation or discrimination. In the interest of resolving this matter and avoiding the expense of further litigation, the Commission and the Defendant (the "Parties") have agreed that this action shall be finally resolved by entry of this Consent Decree.

The Parties do not object to the jurisdiction of the Court over this action. Each party hereby waives its right to a hearing and to the entry of findings of fact and conclusions of law. Venue is appropriate in the United States District Court for the Middle District of Alabama, Northern Division.

The Parties agree that the Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

The Parties agree that this Consent Decree is fair, reasonable, and does not violate the law or public policy. The rights of Charging Party and the Commission are protected adequately by this Consent Decree.

It is hereby **ORDERED, ADJUDGED AND DECREED**:

## I.     GENERAL PROVISIONS

1. This Consent Decree is entered into by the Commission and Defendant.

2. This Consent Decree shall be final and binding between the Commission and Defendant.

3. This Consent Decree shall resolve all issues and claims arising out of EEOC Charge No. EEOC Charge No. 420-2020-00665 and the Commission's Complaint in Civil Action No. 2:21-cv-00629-MHT-JTA ("Lawsuit").

4. This Consent Decree shall be filed in the United States District Court for the Middle District of Alabama, Northern Division, and shall be in effect, and continue to be in effect, for a period of two (2) years from the date of entry of this Consent Decree by the Court.

5. Any modification of this Consent Decree by any party shall be made by motion to the Court.

6. The Court shall retain jurisdiction over this case in order to enforce the terms of the Consent Decree.

7. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the obligations of Defendant under Title VII.

8. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect, or otherwise limit, the EEOC's authority to process or litigate any current or future charge of discrimination filed with the EEOC or against Defendant.

## II.     NON-DISCRIMINATION AND NON-RETALIATION

9. Defendant shall not subject any applicant or employee to retaliation because an applicant or employee has opposed or participated in activity protected by the anti-retaliation provisions of Title VII.

10. Defendant and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with them, or any of them, are permanently enjoined for the duration of this Consent Decree from discriminating or retaliating against an applicant or employee in violation of Title VII. The prohibited practices include, but are not limited to, retaliating against any applicant or employee for engaging in any activity protected by Title VII.

## III.     RELIEF TO CHARGING PARTY

11. Defendant shall pay Charging Party the gross, aggregate sum of Sixty Thousand dollars ($60,000). Thirty Thousand dollars ($30,000) of the settlement amount shall be attributed to alleged backpay damages. Backpay will be subject to applicable taxes and other withholdings required by law, which Defendant will deduct. Thirty Thousand dollars ($30,000) of the settlement

amount shall be attributed to alleged emotional distress, mental anguish, and punitive damages, which shall not be subject to tax or other withholdings.

12. Defendant shall calculate the deductions required by law to be taken, including but not limited to payroll taxes to be taken from the portion of the monetary relief designated as back pay to Charging Party. Defendant shall remit such required deductions to the appropriate government entity.

13. The Sixty Thousand dollars ($60,000) total paid by Defendant shall represent full settlement of the claims brought by the Commission against Defendant which were the basis of the EEOC Charge filed by Lakendra Moore (EEOC Charge No. 420-2020-00665) and this Lawsuit.

14. Within 30 days of entry of this Decree and Defendant's receipt of completed tax forms from Charging Party, Defendant shall send payments by two checks to Charging Party via Federal Express to her address to be provided by the EEOC. Concurrently, Defendant shall mail a copy of the checks to the attention of Plaintiff's Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205. Concurrently, electronic copies of all such checks and correspondence will be sent to the following email address: marsha.rucker@eeoc.gov. Defendant will promptly notify the Commission in the event any mailing to Charging Party is returned to Defendant as undeliverable or any check is not cashed within 30 days after it was mailed.

15. Defendant shall report all monetary payments to the Charging Party under this Decree on IRS Form W-2 (for all taxable employment compensation, i.e. back pay) and/or IRS Form 1099 (for all other damages), and shall provide the appropriate W-2 and/or 1099 forms to Charging Party at the conclusion of the tax year in which Defendant paid the above-described monies by sending

those forms to the address for Charging Party provided by the EEOC, with copies to Regional Attorney, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, AL 35205 and via electronic mail at marsha.rucker@eeoc.gov.

16. Defendant will not condition the receipt of individual monetary relief upon the Charging Party's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency.; or (c) promise not to reapply for a position at any of Defendant's facilities.

## IV.  ADDITIONAL RELIEF

17. Defendant shall segregate into confidential files, and not disclose to any employee or non-government third party (unless such documentation is the subject of a court order), any and all documents, information, references, and all facts or matters underlying or related to Charging Party's participation in this action.

18. Within thirty (30) days after entry of this Decree, Defendant shall expunge from any application file regarding Lakendra Moore and Lakendra Moore's company personnel file : (a) any and all references to allegations of retaliation or discrimination filed against Defendant that formed the basis of this action; (b) any and all references to Moore's participation in this action; (c) any and all references to activity protected under Title VII that forms the basis of the EEOC's retaliation claim; and (d) any and all references to settlement agreements, whether past or present, regarding Moore.  This shall not apply to any documents related to this litigation which will be maintained in any confidential legal system.  In the event Defendant receives any request for information, whether verbal or written, from potential employers, prospective employers, or third parties seeking references or information about Lakendra Moore, Defendant shall inform such potential employer(s), prospective employer(s), or third parties that its policy and practice is to

provide only the dates of an individual's employment, the position held by that individual, and, if requested by Charging Party, her final pay rate while employed by Defendant. Notwithstanding the foregoing, nothing in this Consent Decree shall be construed as prohibiting Defendant from responding to or otherwise complying with a lawful court order issued after Defendant's communication to the subpoenaing party that the information or documents sought pursuant to the subpoena are or may be subject to this Consent Decree.

## V.     POLICIES AND PROCEDURES

19.     Within 30 days of the entry of this Consent Decree, Defendant shall issue a written statement to all active employees at its Eufaula facility stating that Defendant will not violate Title VII by retaliating against employees or job applicants who engage in activity protected by the anti-retaliation provisions of Title VII. Defendant's written statement shall also confirm its commitment to a workplace free of discriminatory practices, advising employees how to report employment discrimination, and encouraging job applicants or employees to report discrimination without fear of retaliation.

20.     Within 60 days of the entry of this Consent Decree, Defendant shall disseminate to all its active Eufaula facility employees, its harassment and discrimination policy and its anti-retaliation policy covering the laws enforced by EEOC, including Title VII. The Defendant's harassment, discrimination and anti-retaliation policies and procedures shall cover, at a minimum, the following;

    a. A requirement that Defendant's managers, supervisors, and human resources employees be trained on the requirements of Title VII, including its anti-retaliation provisions;

    b. A requirement that Defendant provide notice to employees and job applicants (via Defendant's policies and procedures, a poster displayed in a public area of Defendant's

    Eufaula facility, and on Defendant's intranet and electronic bulletin boards) of their right to report discrimination without fear of retaliation;

c. A provision for disciplinary action, up to and including termination, for any employees who are found to have engaged in retaliation against job applicants or employees who engage in protected activity under Title VII's anti-retaliation provision;

d. A process for employees to report complaints of discrimination and retaliation;

e. A system for ensuring the dissemination to all of Defendant's active employees at its Eufaula facility of a copy of Defendant's anti-discrimination and anti-retaliation policy and procedures; and,

f. An assurance of non-retaliation for persons who report that they have been discriminated against or witnessed discrimination.

21. Defendant agrees that it shall continue to promptly and appropriately investigate all complaints of discrimination and retaliation under Title VII of which it becomes aware. The investigation of all such complaints shall be documented.

22. Defendant shall send a copy of the policies and procedures required by this Consent Decree to the attention of the Regional Attorney of the Birmingham District Office, U.S. Equal Employment Opportunity Commission, within 60 days following the entry of this Consent Decree, or 10 days following the first dissemination to employees, whichever date is sooner.

23. Once properly disseminated in accordance with the provisions of this Consent Decree, Defendant shall provide a copy of the policies and procedures required by the Consent Decree to all new employees at the Eufaula facility within the first three days worked.

24. Defendant shall post its policies and procedures required by this Consent Decree on its bulletin board which is located near the break room/clocking areas in the Eufaula facility as well

as on its website.

25. Within 90 days of this Consent Decree, Defendant shall report to the EEOC in writing on its efforts and actions to comply with each of the items under the "Policies and Procedures" section of this Consent Decree. Acceptance or review of these materials by the EEOC shall be for compliance monitoring purposes only.

### VI.    TRAINING FOR MANAGERS, SUPERVISORS AND EMPLOYEES

26. Within five months of entry of this Consent Decree, Defendant shall provide thorough computer-based or live training on its Code of Conduct which includes training on the anti-discrimination laws enforced by the EEOC, including but not limited to Title VII's anti-retaliation provision to all active employees located at the Eufaula facility. The training shall also include examples of what constitutes protected activity under Title VII and what constitutes retaliatory conduct under Title VII. The training shall be given to all active employees, supervisors, and managers. Defendant shall provide this training annually for the duration of this Consent Decree.

27. Within 30 days after completion of each year's annual training, Defendant shall provide the EEOC with a typed list of all employees who have received the necessary training along with the date they received training.

28. Employees hired subsequent to the periodic training sessions provided for above shall be trained via computer-based or live training within the first 30 days of their employment.

29. Defendant shall retain a list of names of all persons who have acknowledged they have attended the training set forth above. Defendant shall retain the registry for the duration of the Consent Decree.

## VII. POSTING OF NOTICE

30. Defendant shall post and cause to remain posted the posters required to be displayed in the workplace by Commission regulations.

31. Within thirty (30) days after entry of this Consent Decree, Defendant shall post 8½-inch-by-11-inch sized copies of the Notice attached as **Exhibit A** to this Consent Decree on all bulletin boards and any other locations at the Eufaula facility where Defendant regularly posts announcements and notices required by federal and/or state law or notices of employment-related policy or practice changes to employees, except that the Notice shall not contain the header "Exhibit A." Defendant shall send by Federal Express a copy of the Notice, and a written certification by Defendant's Authorized Representative of the date(s) and location of its posting, to the attention of the Regional Attorney of Plaintiff's Birmingham District Office, at the address set forth above, within ten (10) days of the posting. Defendant shall take all reasonable steps to ensure that the posting is not removed, altered, defaced, or covered by any other material. Should the posted copy become altered, defaced, covered or removed, or become otherwise illegible, Defendant shall re-post promptly a legible copy in the same manner as heretofore specified. The posted Notice shall be the same type, style and size as the printing on Exhibit A. This posting shall remain for the duration of this Consent Decree.

## VIII. RECORDS RETENTION

32. The Defendant shall maintain the following records for its Eufaula facility for the duration of this Consent Decree:

    (a)    Defendant's policies and procedures;

    (b)    Discrimination and retaliation complaints made by employees and applicants;

(c) All documents generated in connection with each complaint, investigation, and resolution of each complaint involving allegations of violations of Title VII, including discrimination and retaliation;

(d) All materials used in training provided pursuant to the terms of this Consent Decree; and

(e) Attendance lists for all such training.

## IX.     DISPUTE RESOLUTION

33. In the event that the Commission believes during the term of this Consent Decree that Defendant has failed to comply with any provision of the Consent Decree, the Commission shall notify Defendant or its counsel of the alleged non-compliance and shall afford Defendant 30 calendar days thereafter to remedy the non-compliance or to satisfy the Commission the alleged non-compliance is not well founded.  If Defendant has not remedied the alleged non-compliance or satisfied the Commission that it has complied within 30 calendar days, the Commission may apply to the Court for appropriate relief.

## X.     COSTS AND ATTORNEYS' FEES

34. The parties shall bear their own attorneys' fees and costs incurred in this action up to the date of the entry of this Consent Decree.

## XI.     DURATION OF CONSENT DECREE

35. The duration of this Consent Decree shall be two (2) years from its entry.

36. The Court shall retain jurisdiction for the duration of the Consent Decree, during which the Commission may petition this Court for compliance with this Consent Decree.  Should the Court determine that Defendant has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

37. Absent extension, this Consent Decree shall expire by its own terms at the end of two (2)

years from the date of entry of this Consent Decree without further action by the Parties.

38. The Parties agree to the entry of this Consent Decree subject to final approval by the Court.

This case is closed.

SO ORDERED, ADJUDGED, and DECREED this 16th day of November, 2022.


/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
**NOTICE TO ALL KEYSTONE FOODS LLC EMPLOYEES**

This Notice is posted under the terms of the Consent Decree entered in Equal Employment Opportunity Commission v. Keystone Foods LLC (Civil Action No. 2:21-cv-00629-MHT-JTA in the U.S. District Court for the Middle District of Alabama).

Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination against employees on the basis of race, color, religion, national origin, or sex. The law also makes it illegal to retaliate against a person because the person complained about discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Title VII also prohibits discrimination or harassment of applicants and employees because of their sex, including pregnancy, in all employment practices, including hiring, firing, advancement, compensation, training, and other terms, conditions, and privileges of employment.

If you believe you have been discriminated against, subjected to retaliation, or have been a witness to discrimination or retaliation, you may contact the EEOC at (800) 669-4000. The EEOC charges no fees.

For more information regarding the EEOC, and how to contact the EEOC, you may visit www.eeoc.gov.

> **This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed as follows: Regional Attorney, EEOC Birmingham District Office, Ridge Park Place, Suite 2000, 1130 22nd Street South, Birmingham, AL 35205.**

_____        _____
        Date                                    On Behalf of Keystone Foods LLC


**DO NOT REMOVE THIS NOTICE!**